# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DWIGHT HANZY,             )
                          )
         Plaintiff,       )   Case No. 2:08-cv-1672-JCM-RJJ
                          )
vs.                       )
                          )   **ORDER**
RILEY, *et al.*,          )
                          )
                          )
         Defendants.      )

Presently before the court is plaintiff Dwight Hanzy's motion for summary judgment (Doc. #31). Defendants Riley et, al. filed an opposition (Doc. #35) and plaintiff filed a response (Doc. #38).

Plaintiff filed this matter on June 26, 2009 (Doc. #8). This court dismissed plaintiff's second count which alleged a violation of his Sixth Amendment rights, by order on June 26, 2009 (Doc. #7). Plaintiff was allowed to proceed against defendants on counts one and three. Plaintiff's first count alleges that prison employees retaliated against him, and violated his First Amendment rights, after he filed a grievance relating to an alleged assault by defendants. Plaintiff's third count alleges that his Fourteenth Amendment rights were violated when he was terminated from his prison laundry job.

Summary judgment is appropriate when no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56. However, where reasonable minds could differ on the material facts at issue, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

With respect to plaintiff's first count, to prove a First Amendment retaliation claim, plaintiff must establish: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson,*

1   408 F.3d 559, 567-568 (9th Cir. 2005).

2   Here, plaintiff claims that when he was put in "lock-up," his property was taken from him by prison staff, and when it was returned to him approximately five days later, "most of his paperwork" had been stolen (Doc. #31). Plaintiff further alleges that the theft of his paper work was a result of the Nevada Department of Corrections entire staff conspiring to violate his First Amendment rights. However, plaintiff does not explain how the alleged theft of his paperwork was an adverse action, by a state actor, made against him because of his protected conduct, and does not explain how the alleged theft chilled his First Amendment rights. Plaintiff has failed to address each of the five factors necessary to establish a First Amendment retaliation claim. Therefore, this court finds that plaintiff is not entitled to summary judgment with respect to his first count.

Plaintiff's third count alleges that his Fourteenth Amendment rights were violated when he was terminated from his prison laundry position. (Doc. #8). The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L.Ed.2d 548 (1972). A protected liberty interest may arise either from the Due Process Clause itself, or from laws of the states. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460 (1989). Prisoners do not have a constitutional right to prison employment and plaintiff has not produced evidence of a state law which creates a liberty interest in prison employment. *See Rizzo v. Dawson,* 778 F.2d 527, 520 (9th Cir. 1985) and *Toussaint v. McCarthy,* 801 F.2d 1080, 1094-95 (9th Cir. 1986).

Therefore, because plaintiff does not have a constitutional right to, nor a state created liberty interest in prison employment, his claim that defendants violated Fourteenth Amendment rights when they deprived him of a prison industry work program fails.

Finally, plaintiff filed an additional motion for summary judgment (Doc. #37) on June 9, 2010. This motion is duplicative of Doc. # 31. Plaintiff's motion makes no new arguments and presents no new evidence, and is therefore denied.

Thus, this court finds plaintiff is not entitled to summary judgment.

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion for summary judgment (Doc #31) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's motion for summary judgment (Doc. #37) be, and the same hereby is DENIED.

DATED this 21st day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE