# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DWIGHT HANZY,
          Plaintiff,          Case No. 2:08-cv-1672-JCM-RJJ

vs.

RILEY, *et al.*,          **ORDER**

          Defendants.

Presently before the court is defendants' motion to dismiss (Doc. #33). Plaintiff filed an opposition (Doc. # 36) and defendants filed a reply (Doc. # 43).

Plaintiff filed this matter on June 26, 2009 (Doc. #8). This court dismissed plaintiff's second claim which alleged a violation of his Sixth Amendment rights, by order on June 26, 2009 (Doc. #7). Plaintiff was allowed to proceed against defendants on claims one and three.

A dismissal based on Fed. R. Civ. P 12(b)(6) can be based on either a failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), the court examines whether a complaint "contains sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 173 L.Ed 2d 868, 7. Fed. R. Serv. 3d 837 (2009).

In order to be liable under § 1983, the individual defendant must have personally participated, in some manner, in the underlying conduct that gave rise to the alleged constitutional violation. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). Claim one of plaintiff's complaint alleges that he was placed in administrative segregation by James Riley for filing a grievance against James Riley. James Riley is not represented by the attorney general's office because he no longer works for the Nevada Department of

1  Corrections ("NDOC"). Service was accepted for correctional officer Karl Riley, but he is not the "Riley"
2  plaintiff alleges against. Further, the other defendants are not named or discussed in the complaint.
3        Accordingly, claim one must be dismissed against all represented defendants based on a lack of
4  personal participation. Furthermore, plaintiff has failed to serve the only defendant with personal
5  participation, James Riley, and as such, claim one is dismissed for failure to serve with respect to James
6  Riley.
7        Claim three alleges that plaintiff's Fourteenth Amendment rights were violated when he was
8  terminated from his prison laundry position. Prisoners have no constitutional right to a prison job or
9  educational opportunities. *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1985). Plaintiff has not produced any
10 state law which creates a right to prison employment. Thus, because plaintiff does not have a constitutional,
11 or state right to a job while in prison, his claim that defendants deprived him of his rights by terminating
12 his involvement a prison work program fails. Claim three fails to state a claim for which relief may be
13 granted.
14       Accordingly, plaintiff's complaint shall be dismissed in its entirety because claim two was
15 previously dismissed in a screening order (Doc. #7).
16       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion to dismiss
17 (Doc #33) be, and the same hereby is GRANTED.
18       DATED this 23rd day of July, 2010.

                                                UNITED STATES DISTRICT JUDGE